# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN GOODE-BEY, | * | |
| Petitioner | * | |
| v | * | Civil Action No. PWG-18-595 |
| CASEY M. CAMPBELL and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF MARYLAND | *<br><br>* | |
| Respondents | * | |

***

## MEMORANDUM

On February 21, 2018, Petitioner Kevin Goode-Bey filed a Petition for Writ of Habeas Corpus challenging his judgment of conviction entered on July 19, 2007 by the Circuit Court for Baltimore City in Case No. 107170007. ECF No. 1. In his Amended Petition, he alleged that his conviction was tainted by evidence planted on him by Detective Daniel T. Hersl who was later convicted in February 2018 for racketeering in connection with his official duties as a member of the Baltimore City Police Department's Gun Trace Task Force. Am. Pet. 5-7, ECF No. 3.

Respondents answered the Petition, arguing that it was untimely and/or unexhausted, ECF No. 7, and Goode-Bey filed a reply, arguing that it should be accepted out of time based on the extraordinary circumstances of his case and his prompt action following Hersl's conviction, ECF No. 13. Petitioner also filed a Motion to Stay, asserting that the "the state is trying to fix [his] problems in the lower courts with post convictions that were just filed on [his] behalf." ECF No. 11. I directed Respondents to respond to Petitioner's request to stay. ECF No. 12.

Respondents filed a "Court Ordered Response to Motion to Stay Proceedings and Court Ordered Update Re: State Postconviction Proceedings and Motion to Dismiss." ECF No. 15. The Clerk's Office notified Petitioner of his right to file a response, ECF No. 16, but he has filed

nothing further. After reviewing these papers, I find no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(e)(2). Because Goode-Bey's state court conviction and sentences have been vacated and the charges were entered nolle prosequi, rendering his habeas petition moot, the Motion to Dismiss is GRANTED and the Petition is DENIED and DISMISSED.

On March 1, 2019, Petitioner's judgment of conviction, probation violation, and sentences in Case No. 107170007 were vacated and the charges were entered nolle prosequi. State Ct. Docket Entries 1, 8, ECF No. 15-1. *See State v. Goode*, Case No. 107170007 (Cir. Ct. Balt. City) http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis (last visited May 29, 2019). Under Maryland law, the entry of nolle prosequi after jeopardy has attached operates as an acquittal and a bar to any re-prosecution. *State v. Simms*, 175 A.3d 681, 686 (Md. 2017).

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477).

As Petitioner has received all of the relief he could receive through his Petition and he does not face any collateral consequences from the State charges complained of, the matter is now moot. *See Piskanin v. Krysevig*, 349 Fed. App'x 683, 685 (3d Cir. 2009) (holding Petitioner could not

demonstrate "any concrete and continuing injury or collateral consequence that remain[ed] following the entry of nolle prosequi in the [state criminal] proceedings" and Petitioner's claim that the charges could be reinstated in the future was too speculative); *Fiocconi v. Att'y Gen. of the U.S.*, 339 F. Supp. 1242, 1245 n.4 (S.D.N.Y. 1972) (holding that after the government filed a nolle prosequi, the habeas petition challenging that indictment was rendered moot.)

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks omitted); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Because Petitioner fails to satisfy this standard, the Court declines to issue a certificate of appealability.[1]

A separate Order follows.

_____  _____ 6/11/19
Date        Paul W. Grimm
            United States District Judge

---

[1] Denial of a certificate of appealability in the district court does not preclude Petitioner from requesting a certificate of appealability from the appellate court.

3